### Lessee of John Irwin *against* Andrew Moore.

A precise warrant or application will take place of an indescriptive one, though earlier. But the latter, though shifted from the spot seemingly called for, if fairly surveyed and appropriated when there was no intervening opposing right, will hold the lands. Convenient certainty to a common intent is sufficient in warrants or applications. A military permission, not followed up by settlement, gives no preference to lands.

Ejectment for 318 acres of land on the waters of Brush creek

The lessor for the plaintiff grounded his pretensions on a military permission of Captain Charles Edmondson, commanding officer at Fort Pitt, to him dated 18th September 1767, "to improve and occupy a plantation or tract of land for himself, and one for his relation or friend, on the south side of the great road near the mouth of Bushy Run, in Beyerley's neighborhood, he paying forty shillings yearly if demanded, and subjected to the regulations of the commanding officer at Fort Pitt, for his majesty's service." In pursuance hereof, Irwin in 1798, built a small cabin, cleared one acre of ground and made a small deadening on lands about one-half mile distant from those in question, and one-quater mile from his present place of abode, and had a tenant in the cabin for some little time. On the 25th July 1769, he filed two applications in the land office, one marked No. 3663, for 300 acres on the waters of Brush Creek, on the south-west side of the new road adjoining land of Thomas Lyons, and from thence extending down the run to Brush Creek, in his own name, and the other No. 3665, in the name of James Irwin, for 300 acres on the waters of Brush Creek, bounded by the lands of John Irwin and Christopher Rudebach. Under this latter application, he claimed the premises in dispute, and gave some slight evidence of a survey made thereon, which was strongly controverted.

The defendant claimed under an application of Casper Geyer, for 300 acres on the head of Sewickley, about four miles from Beyerley's, entered on 3d April 1769, No. 105, and a survey thereon of 301½ acres, made 10th April 1770, and a patent dated 14th Agust 1770, in consideration of 15*l*. 1*s*. 3*d*. sterling. He also gave in evidence a recovery in ejectment by the lessee of Casper Geyer against the said John Irwin, of the premises at November assize 1788, by counsel's confessing judgment to the plaintiff.

It was asserted by each party, that the application of his adversary did not describe the lands in dispute, but was intended for another tract. And evidence was given on both sides as to this point. The defendant insisted, that the military permission not being followed by a settlement, gave no preference.

The court submitted the respective locations to the jury, who were to determine as a question of fact, which was most applicable to the controverted grounds. They laid it down in their charge, that a precise, close, descriptive warrant or application, would take place of a general, loose, indescriptive one, though earlier in number or date. But a warrant or application of the latter kind, even though shifted at a distance from the spot seemingly called for therein, if fairly surveyed, returned, and appropriated by the proper authority, when there was no intervening opposing right, will hold and secure the lands, because no injury is thereby done. In general, convenient certainty to a common intent is amply sufficient in cases of this nature ; and in a country newly explored, it would be highly unreasonable to expect, that applicants for lands should furnish minute descriptions. Those persons who are entitled to a preference in lands under a military permission, must be such as have made actual settlements thereon. This is the express language of the exception in the law of 3d February 1768, governor Penn's proclamation of the 24th of the same month, and of what is called the preamble to the opening of the land office on the 3d April 1769. In what other manner could these claimants conduce to " the more convenient accommodation of the soldiery or others ?" And if in the present instance, a claim of pre-emption is set up, under captain Edmondson's license, must not the conditions thereof, of " improving and occupying" the same lands, be fully complied with ?

Verdict for the defendant.

Messrs. Ross and Brackenridge, *pro quer*.
Messrs. Woods and M'Kichen, *pro def*.

Smith, J. was of counsel for the plaintiff in Geyer's lessee v. Irwin and therefore refused giving any opinion.